UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PARC LORRAINE CONDOMINIUM ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  Case No. 4:24-cv-00228-SRC |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

**Memorandum and Order**

In 2019, a wind and hail storm damaged Parc Lorraine Condominium Association's condominiums.  Parc Lorraine sought to use the benefit of its insurance policy to repair the loss, but Philadelphia Indemnity Insurance Company allegedly skirted its responsibility by miscalculating the loss and refusing to pay.  In this suit, Parc Lorraine claims that Philadelphia breached their contract and vexatiously refused to pay and seeks a declaratory judgment.  Philadelphia now moves to dismiss Parc Lorraine's declaratory-judgment claim, arguing that it duplicates Parc Lorraine's breach-of-contract claim.  While the declaratory-judgment claim closely relates to the breach-of-contract claim, the Court cannot determine from the record before it that the claims seek identical relief and denies the motion.

**I.    Background**

Based on Parc Lorraine's first amended complaint, the Court accepts the following well-pleaded facts as true for the purposes of this Order.  Parc Lorraine "is the owner and operator of a condominium complex" in St. Louis County, Missouri.  Doc. 28 at ¶ 2.  On June 26, 2019, a wind and hail storm caused significant damage to Parc Lorraine's condominiums.  *Id.* at ¶ 9.  To

repair this damage, Parc Lorraine's condominiums need a full roof replacement and repairs to each of the buildings' sidings, gutters, and downspouts. *Id.* at ¶ 15. The roof replacement and other repairs will cost $3,617,722.54. *Id.* at ¶ 16. At the time of the storm, Parc Lorraine's insurance policy through Philadelphia provided coverage for damages caused by wind and hail. *Id.* at ¶¶ 10–12. Parc Lorraine did not include a copy of the insurance policy with its amended complaint. *See* doc. 28.

Parc Lorraine timely reported the damage to Philadelphia and complied with all other policy requirements. *Id.* at ¶ 13. Philadelphia then investigated the claimed damage, determining that hail caused damage to Parc Lorraine's condominiums and that Parc Lorraine's insurance policy covered this loss. *Id.* at ¶ 14. Philadelphia, however, "failed to properly identify all hail damage, necessary repairs, or the proper repair costs." *Id.* Instead, Philadelphia claimed that the total repair cost is $73,483.03; "refus[ed] to properly adjust or pay the full amount of [Parc Lorraine's] loss," including any payments that are due upon completion of repairs; and failed to pay the amount required by the insurance policy. *Id.* at ¶¶ 17, 24, 30, 38. Philadelphia's refusal to make payments upon the completion of repairs has prevented Parc Lorraine from proceeding with the necessary repairs. *Id.* at ¶ 24.

**II.    Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Rule 8(a)(2) requires a plaintiff to give "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Twombly*, 550 U.S. at 570).  This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  The Court must grant all reasonable inferences in favor of the nonmoving party.  *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).  Ordinarily, the Court considers only the facts alleged in the complaint when ruling on a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency.  *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010).  However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted.  *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice.  *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. "A pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).  Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation.  *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677–78.

Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 679. Therefore, the Court must determine if the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id*. This "context-specific task" requires the Court to "draw on its judicial experience and common sense." *Id*. In determining the plausibility of a plaintiff's claim, *Iqbal* and *Twombly* instruct the Court to consider whether "obvious alternative explanations" exist for the allegedly unconstitutional conduct. *Id.* at 682; *Twombly*, 550 U.S. at 567. The Court must then determine whether the plaintiff plausibly alleges a violation of the law. *Iqbal*, 556 U.S. at 682. The well-pleaded facts must permit more than the "mere possibility of misconduct." *Id.* at 679. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557).

### III.  Discussion

Philadelphia seeks to dismiss Parc Lorraine's declaratory-judgment claim, claiming it duplicates Parc Lorraine's breach-of-contract claim. Docs. 31–32. Parc Lorraine disagrees, asserting that it needs a declaratory judgment to allow the parties to determine the consequences of their actions before they change their position. Doc. 33.

The Court has diversity jurisdiction over this case, which requires the Court to apply state substantive law and federal procedural law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Because the Federal Declaratory Judgment Act is procedural only, *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937), the Court construes Parc Lorraine's declaratory-judgment claim as invoking that Act, *see Rehkemper & Sons, Inc. v. Mid-Rivers Dev. & Constr. LLC*, No. 4:21-CV-00380-SEP, 2021 WL 6072496, at *2 (E.D. Mo. Dec. 23, 2021).

4

The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).  Because the decision to entertain a declaratory claim is discretionary, *Reeves v. 21st Century Centennial Ins. Co.*, No. 4:22-cv-00270-JAR, 2022 WL 2209412, at *3 (E.D. Mo. June 21, 2022), courts in this district routinely dismiss declaratory-judgment claims when (1) they are closely related factually to an alleged breach-of-contract claim and (2) the claimant can recover the relief sought in the declaratory-judgment claim through the breach-of-contract claim, *see, e.g.*, *id.* at *3–4; *Burton v. GEICO Cas. Co.*, No. 4:20-cv-00360-MTS, 2021 WL 3725678, at *5–6 (E.D. Mo. Aug. 23, 2021).  But if a declaratory-judgment claim fails to meet either of those requirements, courts allow it to proceed. *See, e.g.*, *Flowshare, LLC v. TNS, US, LLC*, No. 4:16-CV-00300-JAR, 2017 WL 3174321, at *6 (E.D. Mo. July 26, 2017); *NTD I, LLC v. Alliant Asset Mgmt. Co., LLC*, No. 4:16CV1246 ERW, 2017 WL 605324, at *7 (E.D. Mo. Feb. 15, 2017).

Here, Parc Lorraine alleges in its declaratory-judgment claim that:

> 38.  [Philadelphia] has failed to pay the Loss in total, in contravention of the express language of the Policy.
>
> 39.   There is a real and justiciable controversy between [Parc Lorraine] and [Philadelphia] over the extent to which the Policy provides indemnity and coverage for damages, both direct and consequential, relating to the Loss.
>
> 40.  [Parc Lorraine] is entitled to a judicial declaration that the Policy includes coverage for the damages arising out of the Loss as well as a determination of the amount which [Philadelphia] is obligated to pay currently and upon completion of necessary repairs while construing the Policy against [Philadelphia] as the drafter and in favor of [Parc Lorraine] as the insured.

Doc. 28 at ¶¶ 38–40.  Thus, Parc Lorraine seeks a declaration that (1) the policy covers the damages arising out of the storm; (2) determines the amount Philadelphia must currently pay;

5

and (3) determines the amount Philadelphia must pay after the repairs are completed. Regarding its breach-of-contract claim, Parc Lorraine alleges that Philadelphia breached their contract in two ways. First, Philadelphia allegedly "failed to properly adjust the Loss and pay insurance proceeds owed to [Parc Lorraine] as a result of the damage caused by" the storm. *Id.* at ¶ 23. Second, Philadelphia allegedly "has . . . repudiated its obligation to issue payments that are due upon completion of repairs." *Id.* at ¶ 24.

Parc Lorraine's claims are undoubtedly closely related to each other: they each involve the amount that the insurance policy obligates Philadelphia to pay to cover Parc Lorraine's loss. But the Court is not convinced that Parc Lorraine can obtain all relief sought in the declaratory-judgment claim via the breach-of-contract claim. Of note, Parc Lorraine seeks a declaratory judgment determining the amount Philadelphia must pay in the future, only after completion of the repairs. *Id.* at ¶ 40. Construing the complaint liberally, *Huggins*, 592 F.3d at 862, the amount due upon completion depends upon the amount expended during the repairs, which have yet to occur, *see* doc. 28 at ¶ 24. Parc Lorraine alleges that Philadelphia breached its contract by repudiating its obligation to pay those amounts, whatever they are. *Id.* Only by completing the repairs, according to Parc Lorraine, can those amounts be known; in the meantime, the argument goes, the Court cannot award complete relief without declaring Philadelphia's future obligations.

Albeit not a model of clarity, the amended complaint sufficiently alleges a declaratory-judgment claim that seeks relief broader than what the breach-of-contract claim seeks. *See Huggins*, 592 F.3d at 862 (requiring the Court to liberally construe a complaint in favor of a plaintiff). The Court therefore concludes that Parc Lorraine's declaratory-judgment claim is not duplicative of the breach-of-contract claim.

## IV.     Conclusion

For the reasons explained above, the Court denies Defendant's [31] Motion to Dismiss Count III of Plaintiff's Amended Complaint.

So ordered this 10th day of June 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE